IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELDON LEE BURROWS,** | Case No. 1:15-cv-01569 LJO MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | |
| | **[Doc. 12]** |
| **STATE OF CALIFORNIA,** | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, of the Office of the Attorney General for the State of California.

I.     **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a February 3, 1988 jury verdict of the Superior Court of California, County of Fresno, of two counts of first degree murder and a count of attempted robbery. (See Lodged Doc. 1.) On March 11, 1988, Petitioner was sentenced to an indeterminate state prison term of fifty years and four months to life. (Id.)

On December 8, 1989, the California Court of Appeal, Fifth Appellate District,

affirmed the judgment. (Lodged Doc. 3.) Review was denied by the California Supreme Court on July 16, 1987. (Lodged Doc. 2.) It is unclear how review by the California Supreme Court was completed prior to the appellate court decision, however, the records relating to the petition for review have been destroyed.

Twenty-four years later, Petitioner filed three petitions for relief in state court in the form of petitions for writ of habeas corpus. (Lodged Docs. 4-9.) The first petition was filed in July 2014 and the last petition was denied in February, 2015. (Id.)

On October 11, 2015, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[1] On December 18, 2015, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 12.) Petitioner did not file objections to the motion to dismiss.

## II.    DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. While the Court received the petition on October 15, 2015, the Court shall consider the petition filed on October 11, 2015, the date Petitioner signed the petition.

1 | Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a
2 | respondent can file a motion to dismiss after the court orders a response, and the Court
3 | should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &
4 | n. 12.

5 |      In this case, Respondent's motion to dismiss is based on a violation of the one-
6 | year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss
7 | is similar in procedural standing to a motion to dismiss for failure to exhaust state
8 | remedies or for state procedural default and Respondent has not yet filed a formal
9 | answer, the Court will review Respondent's motion to dismiss pursuant to its authority
10 | under Rule 4.

11 |      **B.**     **Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

12 |      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death
13 | Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all
14 | petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,
15 | 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th
16 | Cir. 1997).

17 |      In this case, the petition was filed on October 11, 2015 and is subject to the
18 | provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners
19 | seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As
20 | amended, § 2244, subdivision (d) reads:

21 |
22 |      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

23 |
24 |           (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

25 |
26 |           (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

27 |
28 |           (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations applies to all federal habeas petitions filed after the statute was enacted on April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 322-23, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). For state prisoners, like this one, whose convictions became final prior to AEDPA's enactment, the one-year statute of limitations began to run on April 25, 1996, the day after AEDPA became law. See Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002). Therefore, unless he can show he is entitled to tolling of the limitations period, Petitioner had until April 24, 1997, in which to file a timely petition under AEDPA. Id.

Petitioner delayed in filing the instant petition until October 2015, over eighteen years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

4

1    Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

2    under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

3    timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

4    U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

5    determined by the federal courts to have been untimely in state court will not satisfy the

6    requirements for statutory tolling. Id.

7         The limitations period commenced on April 25, 1996, the day after AEDPA

8    became law and expired one year thereafter on April 24, 1997. Petitioner did not file any

9    state post-conviction applications until 2014. Petitions filed after the expiration of the

10   statute of limitations period have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820

11   (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period

12   that has ended before the state petition was filed.").

13        The present petition was filed on October 11, 2015, over eighteen years after the

14   expiration of the year statute of limitations period. The instant federal petition is untimely.

15        **D.    Equitable Tolling**

16        The limitations period is subject to equitable tolling if the petitioner demonstrates:

17   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

18   circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

19   quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

20   give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

21   Cir. 1993). Petitioner has presented no evidence that he has been pursuing his rights

22   diligently or that some extraordinary circumstance stood in his way. Petitioner is not

23   entitled to equitable tolling.

24   **III.   CONCLUSION**

25        As explained above, Petitioner failed to file the instant petition for habeas corpus

26   within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not

27   entitled to the benefit of statutory or equitable tolling. Based on the foregoing, this Court

28   recommends that Respondent's motion to dismiss be GRANTED.

**IV.** **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     January 25, 2016         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE